LAW OFFICE OF DELVIS MELENDEZ
ATTORNEY FOR PLAINTIFF
90 BRADLEY STREET
BRENTWOOD, NEW YORK, 11717
631-434-1443
631-434-1443 FAX
DELVIS MELENDEZ, ESQ.

DISTRICT COURT OF THE STATE OF NEW YORK
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JOEL ALVARADO
On behalf of themselves and others similarly situated

                       Plaintiff,

                                        **COMPLAINT**

     -against-

GC DEALER SERVICES INC.,
JENNIFER AYALA
ANTHONY AYALA
JACK BECKERMAN
In their individual capacities

                       Defendants.
-------------------------------------------------------------------------X

       Plaintiff Joel Alvarado on behalf of himself and all others similarly situated, by and through their attorneys, Law Office of Delvis Melendez P.C., complaining of the Defendants, GC Dealer Services Inc., alleges as follows:

## PRELIMINARY STATEMENT

       1.     Defendants have profited at the expense of their current and former employees who performed labor a t Defendants' car detailing business by failing to pay said workers the state and federal proper overtime wage for each hour they worked over forty (40) hours.

       2.     By the conduct described throughout this Complaint, Defendants willfully violated the Fair Labor Standards Act and the New York Labor Law by failing to pay its employees,

including Plaintiff, overtime compensation as required by federal and state law.

## NATURE OF THE ACTION

3.      Plaintiff seeks to recover unpaid minimum and overtime wages that defendants owe them and similarly situated current and former non-exempt employees.  Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), on behalf of himself and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. §216(b). Plaintiff also brings this action on behalf of himself and similarly situated current and former non-exempt employees of defendants, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for unpaid overtime wages, under the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5.      In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391.

7.      Defendants do business in the State of New York, within the Eastern District of New York, and maintain a place of business at 11 Dorothy Place Lynbrook, N.Y. 11563.

## THE PARTIES

8.      The Plaintiff, Joel Alvarado a resident of the County of Suffolk, State of New

York.

9.      At all times relevant to the complaint, Plaintiff, Joel Alvarado was an "employees" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2) of GC Dealer Services Inc.

10.      The Plaintiff, Joel Alvarado was employed by the defendants from in or about August 2016 thru May 1, 2018.

11.      The Plaintiff, performed non-exempt duties for the defendants. Plaintiff's primary job duties included washing, compounding, detailing and buffing cars.

12.      Upon information and belief, defendant GC Dealer Services Inc., was and still is a domestic limited corporation organized and existing pursuant to the laws of the State of New York.

13.      Upon information and belief, the GC Service Dealer Inc., is a car detailing business with its principal place of business is located at 11 Dorothy Pl. Lynbrook, New York, 11563.

14.      Upon information and belief Defendant, GC Dealer Services Inc., is a for profit company, who is engaged in commerce, with an annual gross revenue of $500,000 for one or more years relevant to this lawsuit.

15.      At all times relevant, defendant, GC Dealer Services Inc., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

16.      Upon information and belief, the defendant Jennifer Ayala, owns and/or operates GC Dealer Services Inc.,

17.      Upon information and belief, the defendant Jennifer Ayala has authority to make

payroll and personnel decisions for the defendant GC Dealer Services Inc.

18.     At all times hereinafter mentioned, the defendant, Jennifer AYALA, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d) and New York State Labor Law §190(3).

19.     Upon information and belief, the defendant Anthony Ayala is an owner, stock holder and/or operates GC Dealer Services.

20.     Upon information and belief, Anthony Ayala has authority to make payroll and personnel decisions for the defendant GC Dealer Services Inc.

21.     At all times hereinafter mentioned, the defendant, Anthony Ayala, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d) and New York State Labor Law §190(3).

22.     Upon information and belief, the defendant Jack Beckerman is an owner, stock holder and/or operates GC Dealer Services.

23.     Upon information and belief, Jack Beckerman has authority to make payroll and personnel decisions for the defendant GC Dealer Services Inc.

24.     At all times hereinafter mentioned, the defendant, Jack Beckerman, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d) and New York State Labor Law §190(3).


## FACTS

25.     Defendants GC Dealer Services Inc., is a company engaged in the business

of auto detailing.

26.     Plaintiff, worked as a laborer for Defendants'.

27.     Plaintiff and similarly situated current and former employees performed a wide variety of duties including washing, polishing, simonizing, vacuuming, and detailing cars.

28.     Plaintiff, Joel Alvarado routinely came to work from 8:00 a.m. until 6:00 p.m. or 9:00 a.m. to 7:00 p.m.   He regularly worked six days per week.

29.     Plaintiff and similarly situated employees were not required to punch a time clock.

30.     At all times hereinafter mentioned, plaintiff was required to be paid overtime pay at the statutory  rate of time and one-half times the regular rate of pay after they had worked forty (40) hours in a workweek.

31.     Plaintiff worked more than forty hours in most workweeks in which he was employed by the defendants but was not paid overtime at the rate of one and one- half times the regular hourly rate of pay.

32.     Plaintiff was paid $800.00 to $850.00 per week, depending on the year.

33.     Defendants' pay roll records demonstrate he was paid on an hourly rate ranging from $22.00 to $24.00 dollars per hour.

34.     Defendants pay records only recorded a maximum of 70 hours bi weekly.

35.     Plaintiff routinely worked 120 hours bi weekly.

36.     Defendants failed to compensate the plaintiff for time worked in excess of forty (40) hours per week at a rate of at least one and one-half times his regular hourly rate of pay

throughout the entire term of his employment with the defendants.

37.     Defendants' refusal and/or failure to pay overtime was knowingly and willful.

## COLLECTIVE ACTION ALLEGATIONS

38.     At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay    at a rate of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) each week.

39.     Upon information and belief, there are many current and former employees who are similarly situated to the plaintiff, who have been underpaid in violation of the FLSA. The named plaintiff is representative of those other workers and is acting on behalf of the defendants' current and former employees' interests as well as their own interest in bringing this action.

40.     Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves and all similarly situated persons who work or have worked for defendants at any time during the three (3) years prior to the filing of their respective consent forms.

41.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant.    These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. §216(b).

## FIRST CLAIM FOR RELIEF

## (FAIR LABOR STANDARDS ACT)

42.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

43.     Defendants employed plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

44.     The complete records concerning the number of hours worked by the plaintiff as well as the compensation plaintiff received in workweeks in which excess hours were worked are in the exclusive possession and control of the defendants, and as such, the plaintiff is unable to state at this time the exact amount due and owing to them.

45.     Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

46.     Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

47.     At all relevant times, Plaintiff and other similarly situated current and former employees of defendants were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

48.     The overtime wage provisions set forth in §201 et seq. of the FLSA apply to the defendants.

49.     At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. §§203(e) and 207(a).

50.     Defendants have failed to pay Plaintiff and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

51.     Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.   Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

52.     Because defendants' violations of the FLSA have been willful, a three- year statute of limitations  applies, pursuant to 29 U.S.C. §255.

53.     As a result of defendants' willful violations of the FLSA, Plaintiff and all others employees of Defendants from 2012 to present have  suffered damages by being denied overtime wages  in accordance with 29 U.S.C. §201 et seq.

54.     As a result of  defendants' unlawful acts, Plaintiff and other  similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts  to  be  determined  at  trial,  and  are  entitled  to  recovery  of  such  amounts,  liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF

## (NEW YORK LABOR LAW: UNPAID OVERTIME WAGES)

55.     Plaintiff alleges and incorporates by reference all  allegations i n  all preceding paragraphs.

56.     At  all  relevant  times,  Plaintiff  was  an  employee  and  Defendants  have  been  an employer within the meaning of the New York Labor Law.

57.     The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to the defendants.

58.     Defendants  employed  plaintiff  for  workweeks  longer  than  forty  (40)  hours  and willfully failed to compensate the plaintiff for the time worked in excess of forty (40) hours per

week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

59.     The complete records concerning the number of hours worked by the plaintiff as well as the compensation plaintiff received in workweeks in which excess hours were worked are in the exclusive possession and control of the defendants, and as such, the plaintiff is unable to state at this time the exact amount due and owing to them.

60.     Defendants have failed to pay Plaintiff and similarly situated employees' overtime wages to which they were entitled under the New York Labor Law.

61.     By defendants' failure to pay Plaintiff and similarly situated employees overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

62.     Due to defendants' violations of the New York Labor Law, Plaintiff and similarly situated employees are entitled to recover from defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF

## RETALIATION

63.     Labor Law § 215 prohibits an employer from discharging, penalizing or in any other manner retaliating against an employee because such employee has made a complaint to his or her employer … that the employer has violated any provision of … the Labor Law.

64.     Defendants retaliated against Plaintiff, Joel Alvarado by threatening him with criminal actions, if he does not cease and desist in his attempt at collecting the overtime rightfully due him.

65.     Defendants have retaliated against Plaintiff by threatening him with deportation, if he does not stop in seeking the adjudication of his remedial rights.

66.     Defendants have retaliated against Plaintiff by threatening him and his family with harm.

67.     Due to defendants' violation of the anti-retaliation provision of New York Labor Law 215, Plaintiff is entitled to emotional distress damages and attorney's fees.

## FOURTH CLAIM FOR RELIEF

## WAGE NOTICE VIOATIONS PURUSANT TO NYLL 195(1)

68.     Defendants failed to provide Plaintiff and other similarly situated employees with wage notice at the time of hiring.

69.     NYLL 195(1) states pertinent part that an employer is to provide his or her employees, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances.

70 .     As a result of Defendants violation of the wage notice provisions, Plaintiff and similarly situated employees are entitled to the statutory penalty, plus attorney's fees.

## FIFTH CLAIM FOR RELIEF

## WAGE STATEMENT VIOATIONS PURUSANT TO NYLL 195(3)

71.     Defendants failed to provide Plaintiff and other similarly situated employees with accurate wage statements upon each earning cycle.

72.     NYLL 195(3)   states in pertinent part that an employer is to provide his or her employees with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and

phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

73. Defendants violated the provision of the NYLL 195(3) by paying the Plaintiff and other similarly situated employees' exclusively in cash and off the books. At no time tendering to them wage statements.

74. As a result of defendants' violation of the wage statement provisions, Plaintiff and similarly situated employees are entitled to the statutory penalty plus attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i)     Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii)     Unpaid wages and additional and equal amounts as liquidated damages for violations of Article 19 sec. 650.

(iii)     Unpaid wages and additional and equal amounts as liquidated damages for violations of Article 6 sec. 193 and supporting New York State Department of Labor Regulations 12 N.Y.C. R.R part 146-1.7 146-1.8

(iv)     Damages in an amount to be determined at trial for Defendant's violation of New York State Labor Law §196-d;

(v)     Damages in the amount of $20,000 for retaliation in violations of New

York Labor Law 215.

(vi)    Damages in the amount of $5000. For each plaintiff for wage notice violations pursuant to NYLL 195(1).

(vii)    Damages in the amount of $5000. For each plaintiff for wage statements violations pursuant to NYLL 195(3).

(viii)    Certification of this case as a collective action pursuant to 216(b) of the FLSA.

(ix)    All attorneys' fees and costs incurred in prosecuting these claims; and

(x)    Such other relief as this Court deems just and proper.

Dated: Brentwood, New York
May 16, 2018

LAW OFFICES OF DELVIS MELENDEZ, P.C.

_____
s/s Delvis Melendez
90 BRADLEY STREET
BRENTWOOD, NEW YORK, 11717
631-434-1443
*Attorney for Plaintiff*