United States District Court
Eastern District of New York

-----------------------------------------------------------------------------X

JOEL ALVARADO, On behalf of themselves and others similarly
situated,

                                                   *Plaintiff,*

v.

GC DEALER SERVICES INC., JENNIFER AYALA, AN-
THONY AYALA, JACK BECKERMAN, In their individual capa-
cities,

                                           *Defendants.*

-----------------------------------------------------------------------------X

**AFFIDAVIT**
18 Civ. 2915
S.J.F.
S.I.L.

STATE OF NEW YORK    )
                             ) ss.:
COUNTY OF NASSAU    )

    STEVEN G. LEGUM, being duly sworn, deposes and says:

    1. Your deponent is the attorney for the defendants and, in that capacity, familiar with this matter. He submits this affidavit and the affidavit of Anthony Ayala in partial opposition to the plaintiff's motion for permission to proceed as a collective action.

    2. A claim under the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) defines an enterprise subject to the act as an employer which has employees engaged in commerce which has a gross volume of business done in excess of $500,000.00. 29 U.S.C. § 203 (s) (1). While defendants maintain that they are not engaged in commerce, they recognize that courts have not entertained this argument on a Rule 12 motion, but must await discovery and then seek the relief under Rule 56. Nevertheless, the second component requires no interpretation; it is governed by a strictly defined monetary threshold. As the accompanying affidavit of Anthony Ayala establishes, the business, or claimed enterprise, did not exist prior to 2016. Further, in that first year of operation, the business, as documented by the annexed tax return, grossed well under $200,000.00. Exhibit "B" annexed hereto.

    3. Given the low threshold to establish the right to pursue the first step of the collective action process, defendants advised counsel that they were not opposing the motion with respect to the years 2017 and

2018. However, given that there is conclusive documentary evidence of the lack of federal jurisdiction with respect to the year 2016, defendants would not consent to such relief with respect to any employees employed exclusively in that year. Such offer was declined. Accordingly, defendants oppose the motion with respect to employees employed exclusively in the year 2016.

4. Defendants also respectfully call to the Court's attention the proposed notice attached to the motion. That "canned" notice, lists the name of the attorneys for the defendants from another action. To that extent, defendants object to the proposed notice.

WHEREFORE, defendants respectfully pray for an order denying the motion to the extent that any relief is sought prior to the year 2017 and to the extent of approving a notice which contains the incorrect name and address of counsel for the defendants.

STEVEN G. LEGUM

Sworn to before me this
7th day of November, 2018.

GINA L. BIASI
*Notary Public*
State of New York
Qualified in Suffolk County
No. 02BI6244636
Commission expires July 11, 2019

-2-

United States District Court
Eastern District of New York

------------------------------------------------------------------------X

JOEL ALVARADO, On behalf of themselves and others similarly
situated,

                                                    *Plaintiff,*

                            v.

GC DEALER SERVICES INC., JENNIFER AYALA, AN-
THONY AYALA, JACK BECKERMAN, In their individual capa-
cities,

                                                    *Defendants.*

------------------------------------------------------------------------X

<u>AFFIDAVIT</u>
18 Civ. 2915
S.J.F.
S.I.L.

STATE OF NEW YORK        )
                          ) ss.:
COUNTY OF NASSAU         )

ANTHONY AYALA, being duly sworn, deposes and says:

1. Your deponent is a defendant in this action and fully and personally familiar with the facts related thereto.

2. On June 28, 2016, the corporate defendant, GC Dealer Services Inc., came into existence, as reflected by the records of the New York State Secretary of State, which record is annexed hereto as exhibit "A." Thereafter, such entity began operations.

3. The business of the corporate defendant is providing personnel to car dealerships for the purpose of washing, vacuuming, and, if need be, waxing automobiles. It does no other business. The corporate defendant operates out of its corporate headquarters in Lynbrook, New York. It has provided personnel to two car dealerships, one in Nassau County and one in Suffolk County. It provides no other services and does nothing in interstate commerce.

4. During the year 2016, the corporate defendant's total revenues were not in excess of $500,000.00. As reflected by a copy of its tax return, its revenues that year were $164,612.00.

_____
ANTHONY AYALA

Sworn to before me this
7th day of November, 2018.

STEVEN G. LEGUM
Notary Public
State of New York
Qualified in Nassau County
No. 02LE4721741
Commission Expires 5/31/20

**EXHIBIT A**

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through November 1, 2018.

Selected Entity Name: GC DEALER SERVICES INC.
Selected Entity Status Information

| | |
|---|---|
| Current Entity Name: | GC DEALER SERVICES INC. |
| DOS ID #: | 4970043 |
| Initial DOS Filing Date: | JUNE 28, 2016 |
| County: | NASSAU |
| Jurisdiction: | NEW YORK |
| Entity Type: | DOMESTIC BUSINESS CORPORATION |
| Current Entity Status: | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
JENNIFER AYALA
11 DOROTHY PLACE
LYNBROOK, NEW YORK, 11563

**Chief Executive Officer**

JENNIFER AYALA
11 DOROTHY PLACE
LYNBROOK, NEW YORK, 11563

**Principal Executive Office**

GC DEALER SERVICES INC.
11 DOROTHY PLACE
LYNBROOK, NEW YORK, 11563

**Registered Agent**

JENNIFER AYALA
11 DOROTHY PLACE
LYNBROOK, NEW YORK, 11563

This office does not record information regarding
the names and addresses of officers, shareholders or
directors of nonprofessional corporations except the
chief executive officer, if provided, which would be
listed above. Professional corporations must include
the name(s) and address(es) of the initial officers,
directors, and shareholders in the initial certificate
of incorporation, however this information is not
recorded and only available by viewing the
certificate.

**\*Stock Information**

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| 1000 | Par Value | .01 |

*Stock information is applicable to domestic business corporations.

**Name History**

| Filing Date | Name Type | Entity Name |
|---|---|---|
| JUN 28, 2016 | Actual | GC DEALER SERVICES INC. |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New
York State. The entity must use the fictitious name when conducting its activities or business in New
York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results   New Search

Services/Programs  |  Privacy Policy  |  Accessibility Policy  |  Disclaimer  |  Return to DOS
Homepage  |  Contact Us

# EXHIBIT B

Form **8879-C**

Department of the Treasury
Internal Revenue Service

### IRS e-file Signature Authorization for Form 1120

For calendar year 2016, or tax year beginning JUN 28 , 2016, ending DEC 31 , 20 16
▶ Do not send to the IRS. Keep for your records.
▶ Information about Form 8879-C and its instructions is at *www.irs.gov/form8879c* .

OMB No. 1545-0123

**2016**

Name of corporation

GC DEALER SERVICES INC.

Employer identification number

### Part I  Tax Return Information  (Whole dollars only)

| | | |
|---|---|---|
| 1  Total income (Form 1120, line 11) | 1 | 164,612 |
| 2  Taxable income (Form 1120, line 30) | 2 | 82,068 |
| 3  Total tax (Form 1120, line 31) | 3 | 16,153 |
| 4  Amount owed (Form 1120, line 34) | 4 | 16,447 |
| 5  Overpayment (Form 1120, line 35) | 5 | |

### Part II  Declaration and Signature Authorization of Officer. Be sure to get a copy of ....... rporation's return.

Under penalties of perjury, I declare that I am an officer of the above corporation and that I have examined a co.. the corp.. on's 2016 electronic
income tax return and accompanying schedules and statements and to the best of my knowledge and belief, ... ... correct, and complete. I further
declare that the amounts in Part I above are the amounts shown on the copy of the corporation's electronic.. some .. x return. I consent to allow my
electronic return originator (ERO), transmitter, or intermediate service provider to send the corporation's retur.. .. IRS and to receive from the
IRS (a) an acknowledgement of receipt or reason for rejection of the transmission,  (b) the reason for an.. .. in .. essing the return or refund, and
(c) the date of any refund. If applicable, I authorize the U.S. Treasury and its designated Financial Ag.. to in.. an electronic funds withdrawal
(direct debit) entry to the financial institution account indicated in the tax preparation software for pa.. ent of th.. corporation's federal taxes owed
on this return, and the financial institution to debit the entry to this account. To revoke a payment, I r.. .. conte.. the U.S. Treasury Financial
Agent at 1-888-353-4537 no later than 2 business days prior to the payment (settlement) date ... o a.. .. the financial institutions involved
in the processing of the electronic payment of taxes to receive confidential information nece.. ry to ar.. wer inquiries and resolve issues related to
the payment. I have selected a personal identification number (PIN) as my signature for the c.. poration.. electronic income tax return and, if
applicable, the corporation's consent to electronic funds withdrawal.

Officer's PIN: check one box only

[X] I authorize DUBLER C.P.A., P.C. to enter my PIN 11783
ERO firm name                                                                                     do not enter all ze..
as my signature on the corporation's 2016 electronically filed income .. return.

[ ] As an officer of the corporation, I will enter my PIN as my sig.. .. .. poration's 2016 electronically filed income tax return.

Officer's signature ▶ _____   Date ▶ _____   Title ▶ PRESIDENT

### Part III  Certification and Authentication

ERO's EFIN/PIN. Enter your six-digit EFIN followed by your five-dig.. .. selected PIN. | 12855511783 |
do not enter all zeros

I certify that the above numeric entry is my PIN, which is .. .. ..re on the 2016 electronically filed income tax return for the corporation indicated
above. I confirm that I am submitting this return i.. ..rdan.. .. the requirements of Pub. 3112, IRS *e-file* Application and Participation,
and Pub. 4163, Modernized e-File (MeF) Inform.. .. on for A.. orized IRS *e-file* Providers for Business Returns.

ERO's signature ▶ _____   Date ▶ _____

**ERO Must Retain This Form - See Instructions**
**Do Not Submit This Form to the IRS Unless Requested To Do So**

For Paperwork Reduction Act Notice, see instructions.
LHA

Form **8879-C** (2..

510211 12-05-16