UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOEL ALVARADO, *on behalf of himself
and others similarly situated*,

                         Plaintiff,

  -against-

GC DEALER SERVICES INC.,
JENNIFER AYALA, ANTHONY AYALA,
and JACK BECKERMAN, *in their
individual capacities*,

                      Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

18-cv-2915 (SJF)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Plaintiff Joel Alvarado ("Alvarado" or "Plaintiff") commenced this action on behalf of himself and others similarly situated, seeking, *inter alia*, unpaid overtime compensation from Defendants GC Dealer Services Inc. ("GC Dealer"), Jennifer Ayala, Anthony Ayala, and Jack Beckerman ("Beckerman"), in their individual capacities (collectively with GC Dealer, "Defendants"), pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*. and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190, *et seq*. *See* Complaint ("Compl."), Docket Entry ("DE") [1].

      Presently before the Court, on referral from the Honorable Sandra J. Feuerstein for decision, is Alvarado's motion for an order: (i) conditionally certifying this matter as an FLSA collective action pursuant to 29 U.S.C. § 216(b); (ii) authorizing circulation of a proposed Court Authorized Notice of Lawsuit with accompanying Consent to Join form (the "Proposed Notice"), DE [22-6], to all putative

class members; and (iii) directing Defendants to disclose the contact information of potential opt-in plaintiffs, namely, similarly situated present and former nonexempt auto detailers of GC Dealer dating back six years from the filing of the Complaint. *See* Plaintiff's Motion in Support of Collective Action Certification and Circulation of Notice of Pendency ("Pltf.'s Mem."), DE 22, at 5.

Defendants do not oppose conditional certification, but seek to limit the scope of the class and identify a clerical error in the Proposed Notice.

For the reasons stated herein, Plaintiff's motion is granted in part and denied in part as set forth below.

## I. Background

The following facts are taken from the Complaint and affidavits submitted in support of the instant motion, and are accepted as true for the purposes of the motion.

GC Dealer is a New York corporation engaged in the business of auto detailing. Compl. ¶ 25. Alvarado was employed by GC Dealer as a nonexempt auto detailer from approximately August 2016 through May 1, 2018. *Id.* ¶ 10. Plaintiff's job duties included washing, compounding and detailing automobiles. *Id.* ¶ 11. Throughout the course of his employment, Alvarado regularly worked five or six days a week for at least ten hours per day. Affidavit of Joel Alvarado ("Alvarado Aff."), DE [22-4], ¶ 3; Compl ¶ 28. Defendants not only refused to pay Plaintiff overtime wages for hours worked in excess of forty in a given week, but also failed to compensate him *in any capacity* for more than thirty-five hours per week regardless of the number of hours he worked. *See id.* ¶¶ 7-9; Pltf.'s Mem. at 9. Alvarado alleges that when he confronted Beckerman, an owner and operator of GC Dealer with authority over payroll and

personnel decisions, asking for an explanation, Beckerman would equivocate and instruct Plaintiff to "get out" if he was unhappy with his wages. Alvarado Aff. ¶ 15; Compl. ¶¶ 22-23. Additionally, Alvarado claims that Beckerman fired him, in part, because of his inquiries with respect to his compensation. *See id*. ¶ 17.

Plaintiff further identifies at least ten other employees who were subjected to similar allegedly unlawful employment practices. *See* Compl. ¶¶ 38-40; Alvarado Aff. ¶¶ 11-14; *see also* Affidavit of Fabio Rodolfo Chajon ("Chajon Aff."), DE [22-5], ¶¶ 7-9.

Plaintiff initiated this lawsuit on May 16, 2018, seeking to recover, *inter alia*, damages pursuant to the FLSA and NYLL. *See* Compl. ¶ 3. Defendants answered the Complaint on July 18, 2018, DE [8], and amended their Answer on July 24, 2018.[1] DE [10]. Discovery is ongoing. *See* Judge Feuerstein's October 18, 2018 Minute Order, DE [16]. Alvarado filed the instant motion pursuant to Judge Feuerstein's bundle rule on November 14, 2018, DEs [22], [23], [24], which was referred to this Court for decision. *See* Judge Feuerstein's Individual Rules 4(B) & (H).

## II. Discussion

Pursuant to the FLSA, employees must be compensated "at a rate not less than one and one-half times the regular rate at which [they are] employed" for every hour worked in excess of forty in a given work week. 29 U.S.C. § 207(a)(1). Section 216(b) of the FLSA provides:

> An action … may be maintained against any employer ... by any one or more employees for and on behalf of himself or themselves and other

---

[1] Plaintiff filed a motion to strike Defendants' Amended Answer on August 1, 2018. DE [11]. Specifically, Alvarado seeks to strike Beckerman's affirmative defense of lack of personal jurisdiction. *Id.* at 1. That motion is presently pending before Judge Feuerstein.

employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). "[D]istrict courts 'have discretion, in appropriate cases, to … facilitat[e] notice to potential plaintiffs of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169, 110 S. Ct. 482 (1989)).

Consistent with this discretion, and as detailed below, the Court: (i) conditionally certifies this case as an FLSA collective action; (ii) authorizes the dissemination of notice of the litigation, subject to the conditions set forth herein; and (iii) orders Defendants to produce contact information for potential opt-in plaintiffs.

### A. Conditional Certification

Courts in the Second Circuit apply a two-step analysis to determine whether a collective action under Section 216(b) of the FLSA should be certified. *See Myers*, 624 F.3d at 554. First, the court evaluates whether the proposed class members are "similarly situated" to the named plaintiff. *See Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 480 (E.D.N.Y. 2001). If the court finds that the putative class is sufficiently similarly situated, the court will conditionally certify the action, and each class member may consent in writing to "opt-in" to the litigation. *Id.* (citing 29 U.S.C. § 216(b)). The second step generally occurs following completion of discovery and requires examination of the evidentiary record to ascertain whether the opt-in plaintiffs are, in fact, similarly situated. *Bifulco v. Mortg. Zone, Inc.*, 262 F.R.D. 209,

212 (E.D.N.Y. 2009). The present motion concerns only the first step of the certification process – whether the proposed class members are similarly situated such that conditional certification is appropriate.

At the conditional certification stage, "the evidentiary standard is lenient." *Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 58 (E.D.N.Y. 2011); *see also Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("The burden for demonstrating that potential plaintiffs are similarly situated is very low at the notice stage") (internal quotation and citation omitted). Plaintiffs seeking conditional certification "need only make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Doucoure v. Matlyn Food, Inc.*, 554 F. Supp. 2d 369, 372 (E.D.N.Y. 2008) (internal quotation and citation omitted). At this stage, "the Court does not resolve factual disputes, decide substantive issues going to the ultimate merits or make credibility determinations." *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 385 (E.D.N.Y. 2010) (quoting *Francis v. A & E Stores, Inc.*, No. 06-cv-1638, 2008 WL 2588851, at *2 (S.D.N.Y. June 26, 2008), *report and recommendation adopted as modified*, 2008 WL 4619858 (S.D.N.Y. Oct. 16, 2008)).

To be entitled to conditional certification, a movant is not required to prove an actual FLSA violation, "but rather that a 'factual nexus' exists between the plaintiff's situation and the situation of other potential plaintiffs." *Sobczak v. AWL Indus., Inc.*, 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007) (quoting *Wraga v. Marble Lite, Inc.*, No. 05-cv-5038, 2006 WL 2443554, at *1 (E.D.N.Y. Aug. 22, 2006)); *see also Sexton v. Franklin First Fin., Ltd.*, No. 08-cv-4950, 2009 WL 1706535, at *3 (E.D.N.Y. June 16,

2009) ("'nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan' is required") (quoting *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y. 2005)). "Courts will certify broad classes where there is some showing that all members of the putative class performed the same duties ... or that the employer had uniform company-wide employment practices." *Vasquez v. Vitamin Shoppe Indus.*, Inc., No. 10-cv-8820, 2011 WL 2693712, at *3 (S.D.N.Y. July 11, 2011) (internal citation omitted). The determination that potential opt-in plaintiffs are similarly situated is typically based on the pleadings, affidavits and declarations submitted by the plaintiff. *See Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 452 (E.D.N.Y. 2014) ("courts in the Second Circuit routinely grant conditional certification for overtime claims based on the statements of the named plaintiff(s) and other supporting affidavits").

Here, Alvarado has satisfied his burden of demonstrating he and the potential collective action members – other nonexempt GC Dealer auto detailers allegedly subject to wage violations – were together victims of a common policy that violated the FLSA. The Complaint alleges that Defendants failed to pay Plaintiff and other GC Dealer auto detailers requisite overtime pay. *See* Compl. ¶¶ 31, 39. Those allegations are supported by affidavits, which describe similar unlawful employment practices. *See generally* Alvarado and Chajon Affs. Moreover, Defendants concede conditional certification of the collective action is appropriate. *See* Affidavit of Steven G. Legum, Esq. in Partial Opposition to Plaintiff's Motion for Conditional Class Certification ("Legum Aff."), DE [23], ¶ 3. Accordingly, Alvarado has satisfied the

lenient standard applicable at this stage, and the Court conditionally certifies this matter as an FLSA collective action.

### B. Notice Period

The Court must next determine the appropriate timeframe applicable to the class. Alvarado seeks permission to include as potential collective action plaintiffs all nonexempt auto detailers who worked for Defendants since May 2012 (*i.e.*, within the past six years). *See* Pltf.'s Mem. at 15; Proposed Notice at 1, 3. Plaintiff contends a six-year notice is appropriate because it represents the statute of limitations for his NYLL wage claims. *See* Pltf.'s Mem. at 15; N.Y. Lab. Law § 663(1); *see also Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 308 (S.D.N.Y. 1998); *Moore*, 276 F.R.D. at 59; *Cano v. Four M Food Corp.*, No. 08-cv-3005, 2009 WL 5710143, at *10 (E.D.N.Y. Feb. 3, 2009); *Wraga*, 2006 WL 2443554, at *3). The Court disagrees.

The FLSA has a two-year statute of limitations except in the case of willful violations, for which the statute of limitations is three years. See 29 U.S.C. § 255(a). "At the conditional certification stage, allegations of willful conduct are sufficient to apply the three-year statute of limitations for purposes of certifying the class." *Jie Zhang v. Wen Mei, Inc.*, 14-cv-1647, 2015 WL 6442545, at *5 (E.D.N.Y. Oct. 23, 2015) (citing *Summa*, 715 F. Supp. 2d at 388); *accord Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 268 n.2 (E.D.N.Y. 2005) (finding allegation of willful violation justified notice based on a three-year statute of limitations period).

Here, the Complaint repeatedly alleges that Defendants willfully violated the FLSA. *See* Compl. ¶¶ 2, 37, 43, 51-53. Moreover, Plaintiff's assertions of willfulness are supported by his affidavit. *See* Alvarado Aff. ¶ 15 (claiming Beckerman told his

7

employees that he did not pay overtime and that they could "get out" if they disagreed with that policy). Accordingly, Alvarado has sufficiently alleged willful conduct such that a three-year statute of limitations is appropriate.

Applying the three-year limitations period of the FLSA, district courts in this Circuit have reached inconsistent conclusions with respect to the appropriate notice period. *Compare Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 564 (S.D.N.Y. 2013) (applying three-year notice period), *with Cano*, 2009 WL 5710143, at *10 (applying six-year notice period). However, the "more recent trend … is to approve three-year notice periods to avoid the confusion caused by notifying plaintiffs who potentially have two disparate claims [under federal and state wage and hour laws] with different statutes of limitations, along with the inefficiency of providing notice to plaintiffs whose claims may well be time-barred [under the FLSA]." *Mongiove v. Nate's Corp.*, No. 15-cv-1024, 2016 WL 590460, at *6 (E.D.N.Y. Feb. 11, 2016) (quoting *Sanchez v. El Rancho Sports Bar Corp.*, No. 13-cv-5119, 2014 WL 1998236, at *1 (S.D.N.Y. May 13, 2014). Because the Court finds the reasoning set forth in the more recent cases to be persuasive, a three-year notice is appropriate here.[2]

---

[2] Defendants contend a two-year notice period is appropriate on the basis that the Court lacks jurisdiction over claims predating 2017. *See* Legum Aff. ¶¶ 2-3. Specifically, Defendants claim GC Dealer was not an "enterprise engaged in commerce" in 2016 because its gross volume of business did not exceed $500,000, thus prohibiting the Court's adjudication of disputes during that year. *See id.*; Affidavit of Anthony Ayala ("Ayala Aff."), annexed to the Legum Aff., ¶ 4, Ex. B; 29 U.S.C. § 203(s)(1). The Court concludes Defendants' position is without merit. While GC Dealer's revenue in 2016 may ultimately affect its potential liability for that year, the inquiry is premature as it has no bearing on conditional certification or the Court's jurisdiction. *Benitez v. F & V Car Wash, Inc.*, No. 11-cv-01857, 2012 WL 1414879, at *1 (E.D.N.Y. Apr. 24, 2012) ("the question of whether a defendant qualifies as an enterprise under the FLSA is not a jurisdictional issue, but an element that a plaintiff must establish in order to prove liability") (collecting cases). Alvarado also claims that Ayala insufficiently establishes GC Dealer's 2016 revenue. *See* Plaintiff's Reply in Support of His Motion for Collective

### C. **Proposed Notice**

#### i. Content of the Notice

Next, Alvarado seeks leave to disseminate the Proposed Notice to the putative class. Pltf.'s Mem. at 5. Plaintiff contends his Proposed Notice is appropriate because it is: (i) "tailored to avoid any impression that the Court is either encouraging (or discouraging) participation in this litigation;" (ii) "do[es] not endorse Plaintiff's counsel;" and (iii) is "neutral in tone." *Id*. at 14. Defendants' only objection to the Proposed Notice is that it incorrectly identifies defense counsel. *See* Legum Aff. ¶ 4. Alvarado claims that a revised notice, properly naming defense counsel, was circulated on November 5, 2018, and that such amended notice was attached to his reply papers. *See* Reply Mem. at 3. This purported notice, however, was not in fact filed with the Court.

Neither the FLSA nor any court has expressly outlined what form court-authorized notice should take or what provisions the notice should contain. S*ee Moore*, 276 F.R.D. at 58 (citing *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007)). It is well-settled, however, that "[t]he form of a court-authorized notice and provisions contained in it are left to the broad discretion of the trial court." *Sobczak*, 540 F. Supp. at 364; *Hernandez v. Immortal Rise, Inc.*, No. 11-cv-4360, 2012 WL 4369746, at *6 (E.D.N.Y. Sept. 24, 2012) ("courts have broad discretion to craft appropriate notices that effectuate the overarching policies of the collective suit provisions [of the FLSA] and provide employees with accurate and

---

Certification ("Reply Mem.") at n. 1. Because GC Dealer's revenue is irrelevant with respect to this motion, it is unnecessary for the Court to assess the viability of Defendants' evidence at this stage.

9

timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate") (internal quotation and citation omitted).

Consistent with this discretion, the Court directs that several modifications be made to the Proposed Notice prior to dissemination:

(i) The caption and body of the Proposed Notice should name GC Dealer by its proper legal name of GC Dealer Service**s** Inc.

(ii) The notice must be revised throughout to reflect the three-year notice period (*i.e.*, May 2012 is to be replaced with June 28, 2016).[3]

(iii) When discussing the recipients' legal rights if they "Do Nothing" (p. 2), the notice shall reference the putative class members' retained right to bring a separate lawsuit if they fail to opt-in to the instant action and should indicate that the statute of limitations period will continue to run.

(iv) Section 4 should direct putative class members to mail the Consent to Join forms directly to Plaintiff's counsel, rather than the Clerk of the Court (and the form itself must be revised to that effect), but only if they wish to be represented by Plaintiff's counsel. *See Ritz v. Mike Rory Corp.*, No. 12-cv-67, 2013 WL 1799974, at *4 (E.D.N.Y. Apr. 30, 2013) (requiring potential plaintiffs to return consent forms to named plaintiffs' counsel "[i]n order to minimize the burden on opt-in plaintiffs who choose representation by [named] plaintiffs' counsel, and to reduce the administrative burden on the court...."); *see also Mata-Primitivo v. May Tong Trading Inc.*, No. 13-cv-2839, 2014 WL 2002884, at *6 (E.D.N.Y. May 15, 2014) (recognizing that submission of consent to join forms to the court "might prove intimidating to potential opt-in plaintiffs and may prevent individuals from joining the action"). Section 4 must then state that if a party chooses to proceed with his or her own lawyer, that attorney must enter a formal appearance and file with the Court a Consent to Join form within 60 days from mailing of the notice. Finally, Section 4 should indicate that the Consent to Join form must be postmarked within 60 days from mailing of the notice (it is currently blank).

---

[3] Applying the three-year limitations period would result in an initial notice date of May 16, 2015 (*i.e.*, three years prior to the filing of the Complaint). *See Cabrera v. Stephens*, No. 16-cv-3234, 2017 WL 4326511, at *7 (E.D.N.Y. Sept. 28, 2017) (permitting notice period dating back three years from the commencement of the action); *Sexton v. Franklin First Fin., Ltd.*, No. 08-cv-04950, 2009 WL 1706535, at *10 (E.D.N.Y. June 16, 2009) (same). Here, however, the parties agree in their motion papers that Defendants' business was formed on June 28, 2016, *see* Ayala Aff. ¶ 2, Ex. A.; Reply Mem. at 3. Thus, notice dating back to June 28, 2016 is appropriate.

(v) Section 5 must name the proper Defendants, and should reiterate that opt-in members only agree to representation by Plaintiff's counsel if they send the Consent to Join form directly Alvarado's attorney (as opposed to if independent counsel appears on their behalf).

(vi) Section 6 should repeat that recipients who fail to opt-in will retain the right to bring a separate action and again mention that the statute of limitations period will continue to run.

(vii) Section 8 must clearly delineate the putative class members' right to retain their own counsel, consistent with the above-directives with respect to Sections 4 and 5.

(viii) Section 9 should properly identify defense counsel.

Once Alvarado has revised the Proposed Notice to reflect the above instructions, he should serve a draft on Defendants on or before **December 7, 2018**.[4] Defendants should serve any objections, or give their consent, on or before **December 14, 2018**. After the revised notice is complete, the parties should file a joint motion for approval of the notice with the Court on or before **December 24, 2018**.

### ii. Distribution of the Notice

Upon approval by the Court of the revised notice, Alvarado shall circulate, via first-class mail, notice to all potential class members. Plaintiff's counsel shall promptly file any received Consent to Join forms via CM/ECF.

To that end, Defendants are directed to provide Alvarado with a list of the names, addresses and telephone numbers of potential opt-in plaintiffs, consistent with the class described herein, on or before **December 14, 2018**. *Ack v. Manhattan*

---

[4] Plaintiff is hereby permitted to have the notice translated into Spanish and may ultimately distribute both English and Spanish versions to the putative class. The translated notice, however, must first be served on Defendants concurrently with the English version so that Defendants have an opportunity to object to both as appropriate.

11

*Beer Distributors, Inc.*, No. 11-cv-5582, 2012 WL 1710985, at *6 (E.D.N.Y. May 15, 2012) ("Courts routinely order discovery of names, addresses, and telephone numbers in FLSA actions"); *Fa Ting Wang v. Empire State Auto Corp.*, No. 14-cv-1491, 2015 WL 4603117, at *14 (E.D.N.Y. July 29, 2015) ("Disclosure of the names, addresses, telephone numbers, and email addresses of putative class members is commonplace in this district because such information is essential to identifying and notifying potential opt-in plaintiffs"). All notices must be mailed within two weeks of the Court's approval of the final version.

## III. Conclusion

For all of the foregoing reasons, Plaintiff's motion for an order: (i) conditionally certifying this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b); (ii) authorizing circulation of the Proposed Notice; and (iii) directing Defendants to disclose the contact information of potential opt-in plaintiffs, is granted in part and denied in part as set forth above. The parties are directed to comply with the scheduling instructions set forth herein. Any and all consent to join forms shall be submitted to Plaintiff's counsel or filed with the Court, as described above, on or before **March 29, 2019**.

Dated: Central Islip, New York
November 29, 2018

s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge

12