UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JOEL ALVARADO, *on behalf of himself
and others similarly situated*,

                          Plaintiff,

   -against-

GC DEALER SERVICES INC.,
JENNIFER AYALA, ANTHONY AYALA,
and JACK BECKERMAN, *in their
individual capacities*,

                         Defendants.
---------------------------------------------------------------x

**MEMORANDUM
AND ORDER**

18-cv-2915 (SJF)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Plaintiff Joel Alvarado ("Alvarado" or "Plaintiff") commenced this action on behalf of himself and others similarly situated, seeking, *inter alia*, unpaid overtime compensation from Defendants GC Dealer Services Inc. ("GC Dealer"), and Jennifer Ayala, Anthony Ayala, and Jack Beckerman, in their individual capacities (collectively with GC Dealer, "Defendants"), pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*. and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190, *et seq*. *See* Complaint ("Compl."), Docket Entry ("DE") [1].

      Presently before the Court is Defendants' motion to compel Plaintiff to provide authorizations to obtain applications he made for certain unidentified "social services benefits," or, in the alternative, to so order subpoenas to be served on the agencies with which such applications were purportedly filed.[1] *See* Defendants' Letter Motion

---

[1] As discussed below, Plaintiff has already responded to the discovery requests directed to him on this issue indicating no responsive documents exist.

to Compel ("Defts.' Mot."), DE [20]. For the reasons stated herein, Defendants' motion is denied.

I.  **Background**

Alvarado commenced this lawsuit on May 16, 2018, seeking, *inter alia*, damages for unpaid overtime pursuant to the FLSA and NYLL. *See* Complaint ("Compl.") ¶ 3. Plaintiff alleges he was employed by GC Dealer as a nonexempt auto detailer from approximately August 2016 through May 1, 2018. *Id.* ¶ 10. Alvarado claims that throughout the course of his employment he regularly worked five or six days a week for at least ten hours per day. *See id.* ¶ 28. He further contends that Defendants not only refused to pay him overtime wages for hours worked in excess of forty in a given week, but also failed to compensate him *in any capacity* for more than thirty-five hours per week regardless of the number of hours he worked. *See id.* ¶¶ 34-35.

Discovery is ongoing. *See* Judge Feuerstein's October 18, 2018 Minute Order, DE [16]. Defendants filed the instant motion on November 9, 2018, DE [20], and Alvarado opposed. *See* Plaintiff's Response in Opposition to Motion to Compel ("Pltf.'s Opp."), DE [21].[2]

In their motion, Defendants contend they are entitled to copies of any applications Alvarado made for government benefits (the "Requested Documents") under three theories: (i) these documents are relevant to support their defense on

---

[2] Defendants filed a letter in anticipation of the instant dispute on October 18, 2018. DE [14]. At the November 1, 2018 status conference, the Court converted Defendants' letter to a motion to compel, and denied the motion without prejudice insofar as it pertained to the discovery requests currently at issue, with leave to file a renewed letter motion substantiating their position. *See* November 1, 2018 Minute Order, DE [18].

2

the merits of Alvarado's claims; (ii) they demonstrate that judicial estoppel should bar Plaintiff from asserting claims in this action because they contradict statements he made in his prior application for benefits; and (iii) they will offer Defendants a way to impeach Plaintiff's credibility. *See* Defts.' Mot. As detailed below, Defendants' arguments lack merit.

## II. Discussion

### A. Relevance

Pursuant to Fed. R. Civ. P. 26:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

"Information is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Vaigasi v. Solow Mgmt. Corp.*, No. 11-cv-5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). "[T]he party seeking discovery bears the burden of initially showing relevance." *Mandell v. The Maxon Co., Inc.*, No. 06-cv-460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) (internal quotation and citation omitted). Moreover, "courts should not grant discovery requests based on pure speculation that amount to nothing more than a fishing expedition…." *Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004) (internal quotation and citation omitted); *see also Tottenham v. Trans World*

3

*Gaming Corp.*, No. 00-cv-7697, 2002 WL 1967023, at *2 (S.D.N.Y. June 21, 2002) ("Discovery requests cannot be based on pure speculation or conjecture") (internal citation omitted). It is well-established that "[m]otions to compel are left to the court's sound discretion." *Mirra v. Jordan*, No. 13-cv-5519, 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016); *see also Liberty Mut. Ins. Co. v. Kohler Co.*, No. 08-CV-867, 2010 WL 1930270, at *2 (E.D.N.Y. May 11, 2010) ("a motion to compel is entrusted to the sound discretion of the district court"). Applying these standards, the documents Defendants seek are irrelevant, and therefore not discoverable.

Plaintiff has repeatedly stated, both in Court and in pleadings, that the Requested Documents do not exist. *See* November 1, 2018 Minute Order, DE [18]; Pltf.'s Opp. (stating that no responsive documents exist), Ex. A, Plaintiff's Responses to Defendants Document Demand, DE [21-1] (claiming, "Plaintiff has no responsive documents" to the relevant demands). Nevertheless, Defendants argue that they are entitled to the documents because although Alvarado was correctly paid for all hours worked, they (Defendants) unlawfully changed Plaintiff's timesheets at his request so that they falsely stated that he was only paid for 35 hours of work per week, which he then submitted to certain unidentified agencies in order to obtain social service benefits.

Even if this is true it fails to establish the relevance of the documents requested. At its core, Defendants' argument is that its own timesheets, which they produced, are false, because they underreport what Alvarado was actually paid, and that Plaintiff is lying when he claims that he was never paid for all hours worked. Alvarado counters that they are accurate and he was underpaid. Whether Plaintiff

4

took these purportedly false time sheets, however, and then sent them to a third-party benefits agency is irrelevant here. Alvarado's alleged use of the same documents in an unrelated proceeding does not make it more or less likely that these documents are inaccurate, explain the underlying reason that they may be inaccurate, or establish that Alvarado is being untruthful in this case. Accordingly, the documents are irrelevant. On this basis alone, the motion to compel is denied.

Notwithstanding the foregoing, the Court concludes that the remaining substantive arguments advanced by Defendants also fail.

### B. Judicial Estoppel

Defendants claim the Requested Documents are necessary to establish that Alvarado should be judicially estopped from pursuing his FLSA and NYLL claims because he is contradicting assertions he made when seeking government benefits in a different proceeding. *See* Defts.' Mot. at 2-3.

> Judicial estoppel prevents a party from asserting a factual position in a legal proceeding that is contrary to a position previously taken by [that party] in a prior legal proceeding. The purposes of the doctrine are to preserve the sanctity of the oath and to protect judicial integrity by avoiding the risk of inconsistent results in two proceedings. A party invoking judicial estoppel must show that (1) the party against whom the estoppel is asserted took an inconsistent position in a prior proceeding and (2) that position was adopted by the first tribunal in some manner such as by rendering a favorable judgment.

*Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 6 (2d Cir. 1999) (internal quotations and citations omitted); *accord New Hampshire v. Maine*, 532 U.S. 742, 743, 121 S. Ct. 1808, 1810 (2001) ("The purpose of [judicial estoppel] is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment").

5

Here, Defendants argument is flawed with respect to both prongs of the judicial estoppel test. Defendants contend that Alvarado should be estopped from making claims in this litigation that contradict his position in a prior administrative proceeding. In actuality, however, to the extent there were any proceedings to obtain benefits Plaintiff's position remains consistent. Alvarado alleges he was paid for 35 hours per week regardless of his actual hours worked. *See* Compl. ¶¶ 34-35. According to the motion, this is the same claim he made (albeit falsely) to whatever agency from which he allegedly sought benefits. As a result, obtaining any related documents would demonstrate no inconsistency.[3]

As to the second prong, Defendants make no argument that whatever agency Plaintiff sought benefits from by claiming to work 35 hours per week, and submitting his paystubs to, ever adopted Alvarado's position in awarding him any benefits or in any other manner. Further, Defendants do not even claim that Plaintiff obtained any benefits. Accordingly, and for both these reasons, the doctrine of judicial estoppel does not apply and cannot serve as a basis upon which to grant the motion to compel.

---

[3] Moreover, Defendants' reliance on *In re Tyson Foods* for the proposition that "[d]istrict [c]ourts have applied judicial estoppel against FLSA plaintiffs" is misplaced. 732 F. Supp. 2d 1363, 1371 (M.D. Ga. 2010); Defts.' Mot. at 2-3. In *Tyson Foods*, plaintiffs who failed to disclose their FLSA claims in bankruptcy proceedings were barred from asserting those rights after emerging from bankruptcy. 732 F. Supp. 2d at 1373-74. The court found that those plaintiffs acted inconsistently in different proceedings and were motivated to omit mention of their FLSA claims, *inter alia*, because of the effect such concealment would have on the amount that would be discounted and repaid. *Id.*; *see also Pray v. Long Island Bone & Joint, LLP*, No. 14-cv-5386, 2016 WL 9455557, at *7 (E.D.N.Y. Aug. 11, 2016) (estopping a plaintiff from pursuing pre-petition FLSA claims that went undisclosed in her prior bankruptcy proceedings). No similar omission/inconsistency in positions or motivation has been established here.

C. **Impeachment**

Defendants further claim the Requested Documents are relevant to impeach Plaintiff's credibility. *See* Defts.' Mot. at 3; *Samborski v. Linear Abatement Corp.*, No. 96-cv-1405, 1997 WL 55949, at *1 (S.D.N.Y. Feb. 11, 1997) (citing *United States v. Jones*, 900 F.2d 512, 520 (2d Cir. 1990)) ("It is well settled that evidence of false statements may be admissible to impeach the credibility of a witness"); Fed. R. of Evid. 611(b) (discussing the scope of cross-examination at trial). This assertion too is without merit.

Although discovery sought for the purposes of impeaching a witness "might be properly discoverable," such determination "depends on the circumstances of the pending action." *Collens*, 222 F.R.D. at 252-53. Moreover, courts "have required parties to establish good cause where discovery is sought solely to unearth potential impeachment material, and have not found such cause where the request is speculative." *Dzanis v. JPMorgan Chase & Co.*, No. 10-cv-3384, 2011 WL 5979650, at *6 (S.D.N.Y. Nov. 30, 2011); *accord Collens* 222 F.R.D. at 253 ("courts should not grant discovery requests [concerning impeachment] based on pure speculation that amount to nothing more than a fishing expedition") (internal quotation and citations omitted).

At best, Defendants' motion seeks to support an argument that Plaintiff told the same lie twice—once to whatever agency he allegedly sought benefits from, and then again in bringing these proceedings—by misrepresenting his actual pay, in order to obtain more money. Defendant does not claim however that Alvarado was actually ever paid any such benefits in the other proceeding, and that question is not before

7

this Court. Accordingly, the discovery sought would be of limited value, essentially creating a trial within a trial concerning whether any other benefits were properly awarded to Alvarado, and under these circumstances is disproportionate to the needs to this case.

## III. Conclusion

For all of the foregoing reasons, Defendants' motion to compel, DE [20], is denied.

Dated:	Central Islip, New York
	December 3, 2018	s/ Steven I. Locke
	STEVEN I. LOCKE
	United States Magistrate Judge