UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOEL ALVARADO
on behalf of himself and others similarly situated

                          Plaintiffs,                      Index No.: 18-CV-2915

    -against-                             **AFFIRMATION IN SUPPORT**
                                                             **OF MOTION FOR DEFAULT**
                                                             **JUDGMENT**

GC DEALER SERVICES, INC.,

                          Defendants.
-----------------------------------------------------------------X

      DELVIS MELENDEZ, ESQ., an attorney duly admitted to practice law in the State of New York, affirms the following under penalties of perjury.

1. I am counsel for the Plaintiffs herein and make this declaration. The source of my knowledge being the files maintained in this office, Plaintiffs' affidavits, and depositions and submissions made to the Court.

   a. I submit this declaration in support of Plaintiffs' application for an order pursuant to FRCP 55 granting Plaintiffs entry of a default judgment against Defendant GC DEALER SERVICES INC., ("Defendant"). In addition, wage and hour damages and an award of attorney fees and costs are sought. The spreadsheets for Plaintiffs calculations of damages and attorney's fees are attached as Exhibit "A& "C").

2. This action seeks redress for Defendant's intentional, willful and repeated violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York

14

Labor Law Article 19, § 650 *et seq*. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

3. On or about May 16, 2018, Defendant GC Dealer Services Inc., Jennifer Ayala, Anthony Ayala, and Jack Beckerman were served with a Summons and Complaint.

4. On or about July 18, 2018, attorney Steven Legum submitted an Answer on behalf of GC Dealer Services Inc., Jennifer Ayala and Jack Beckerman. [DE 8]

## PROCEDURAL HISTORY

5. Discovery has been completed. Depositions have been taken and the parties have crossed moved for summary judgment. At this juncture we are preparing a joint pretrial order.

6. On or about November 14, 2018, the Plaintiffs filed a motion for collective action certification [DE 22].

7. On or about November 29, 2018, Plaintiffs motion for Collective Action certification was granted [DE 27].

8. Fabio Chagon, Emiliano Flores, and Heriberto Ramirez Ortiz all joined the Collective Action by filing consent to Joinder forms [DE 19, 31, 36].

9. On or about December 28, 2018, Wilmer Reyes filed a consent to joinder [DE 13].

10. On or about September 2, 2019, the Plaintiffs moved for summary judgment against all defendants [DE 55].

11. On or about September 27, 2019, the defendants cross moved for summary judgment [DE 60].

12. On or about January 6, 2021 the Court granted in part and denied in part the parties summary judgment motions [DE 66].

13. The case against Anthony Ayala was dismissed in its totality [DE 67].

14. On or about March 2, 2021, Defendants attorney moved to withdraw as counsel for the defendants [DE 69].

15. On or about March 30, 2021 Defense Counsel's motion to withdraw was granted [DE 71].

16. On or about June 16, 2021, a status conference was held with the parties. Judge Wick Ordered the Defendants to advise the Court by July 14, 2021 whether counsel has been retained to represent the Corporate entity. The Defendants were advised by Judge Magistrate Wick that a corporation cannot represent itself [DE 74].

17. On July 14, 2021, Jennifer Ayala wrote to the Court advising that they were unable to retain counsel and that she would be filing for Bankruptcy [DE 76].

18. On or about July 27, 2021, Jennifer Ayala filed for Bankruptcy. The matter at the Eastern District of New York was stayed as to her.

19. On September 11, 2021, a conference held before Judge Magistrate Wick to address the proposed pretrial order, the court acknowledged that the corporate defendants remain unrepresented [DE80].

20. To date, the defaulting GC Dealer Service Inc., has not retained new counsel.

## NATURE OF ACTION

21. Plaintiff, Joel Alvarado ("Alvarado") began his employment with the defendants on or about August 2016. His employment came to an end on or about May 1, 2018. ("Compl 10"). He worked as laborer undertaking car detailing. ("Compl. 26, 27")

22. Plaintiff Alvarado, routinely worked from 8:00 a.m. until 6:00 p.m. or 9:00 a.m. to 7:00 p.m. He regularly worked six days per week. ("Compl. 28").

23. When Plaintiff Alvarado first started working for the defendants he earned $600.00

      dollars per week. In 2017 he was earning $680.00 dollars per week and in 2018 he

      was earning $800.00 to 850 dollars per week. (See Joel Alvarado interrogatory

      response number 5 (Exhibit "B") and ("Compl.32").

24. Plaintiff, Fabio Chagon ("Chagon") worked for the defendant from February 18, 2016 until May 1, 2016. He too worked as a laborer undertaking car detailing.

25. Plaintiff Chagon alleges he worked ten hours per day six days per week and was paid $720.00 per week. (See interrogatory response of Fabio Chagon at interrogatory number 5, 6) (Exhibit "B")

26. Plaintiff, Heriberto Ramirez ("Ramirez") worked for the defendant from July 15, 2016 until January 2017.He too worked as a laborer undertaking car detailing.

27. Plaintiff Ramirez alleges he worked five or six days per week fifty to sixty hours per week and was paid $150.00 per day. (See interrogatory response of Heriberto Ramirez at   interrogatory number 6 (Exhibit "B")

28. Plaintiff Emiliano Flores ("Flores") began working for the defendants on or about October 1, 2016. He worked as a full time laborer/detailer until November 2016.

29. Plaintiff Flores alleges he worked 10 hours per day five or six days per week and was paid $600.00 per week in cash. (See interrogatory response of Emiliano Flores at interrogatory number 6 (Exhibit "B").

30. GC Dealer Services Inc., was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York ("Compl". 12).

31. Throughout Plaintiffs employment, they were required to be paid overtime pay at the statutory rate of time and one half the regular rate of pay after forty (40) hours worked in a workweek ("Compl." 43, 50).

17

32. Defendant willfully disregarded and purposefully evaded the record keeping requirements of the FLSA and the New York Labor Law by failing to maintain accurate daily time and weekly payroll records for its non-exempt employees. ("Compl". 72,73).

33. Defendant paid Plaintiffs wholly or partially in cash, without providing an accurate indication as to Plaintiffs rate of pay, hours worked each day, and the total amount of hours worked each week ("Compl". 72,73).

34. Based on the foregoing facts, Plaintiffs would likely have prevailed if Defendant fully litigated the matter.

## DEFENDANT'S DEFAULT

35. Defendant GC DEALER SERVICES INC., has defaulted in this proceeding by failing to retain new counsel to defend this action.

36. Defendant GC Dealer Service Inc., was given until July 14, 2021 to retain new counsel. To date, the corporate defendant has not retained new counsel [DE 74]. As such, it has defaulted.

37. Pursuant to Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Although "the typical Rule 55 case [is one] in which a default has entered because a defendant failed to file a timely answer[,] ... a district court is also empowered to enter a default against a defendant [that] has failed to ... otherwise defend." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 129 (2d Cir. 2011) (internal quotation marks omitted). The Second Circuit has "embraced a broad understanding of the phrase 'otherwise defend," and has ruled that a district

18

court is justified in imposing default where an entity defendant has "disregarded the district court's order that the defendant appear through counsel." Id. at 129-130 (citing Eagle Associates v. Bank of Montreal, 926 F.2d 1305 (2d Cir. 1991)); see also Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 192 (2d Cir. 2006) (noting that a default judgment may be entered against a corporation that fails to appear through counsel), cert. denied, 549 U.S. 1114 (2007).

## DAMAGES

38. Plaintiffs' damages were calculated based on Plaintiffs testimony and time records submitted by defendants. The records established the days worked by each Plaintiff and salary paid.

39. The half time rate was determined by dividing the salary by the hours worked. The half time rate was multiplied by the overtime hours to obtain the overtime under payment. An additional award of one hundred percent in liquidated damages was assigned.

40. New York Labor Law sec. 195 violations were calculated by assigning $5,000 for wage statement and another $5000 for wage notice violations. In instances, where the plaintiff did not work a full year, damages were calculated by multiplying $50.00 dollars per every day worked. The total was applied for both wage statement and wage notice violations.

41. As such, Joel Alvarado is entitled to forty-five thousand and twelve dollars ($45,012.) (See Exhibit "A").

42. Fabio Chagon is entitled to ten thousand seven hundred and fifty dollars ($10,750.).

43. Emiliano Flores is entitled to eleven thousand nine hundred and ten dollars

19

($11,910) (See Exhibit "A").

44. Rigoberto Perez is entitled to nineteen thousand two hundred and twenty-three dollars. (19,223.00) (See Exhibit "A")

## ATTORNEY'S FEES & COSTS

45. Plaintiffs' attorney has expended 220.40 hours of legal time on this matter. Counsel bills at the rate of $350.00 per hour (See Exhibit "C").

46. Plaintiffs' Counsel has extensive experience prosecuting wage and hour class and collective actions. From 2000 through the present, Ms. Melendez has been self-employed as a solo practitioner, concentrating in Labor & Employment Law.

    More than 80 percent of her practice is dedicated to the representation of employees in workplace disputes. She has brought federal actions in the areas of national origin, race, and sex and age discrimination. As well as multiple collective and class actions for FLSA violations See *Berrios v. Nicholas Zito Racing Stable,* 2014 WL 12838562(E.D.N.Y 2014) (Judge Magistrate Tomlinson acknowledging "both Virginia & Ambinder and the law firm of Delvis Melendez, Esq. have had wage-and-hours cases before this Court. The work that Class Counsel has performed in litigating and settling this case demonstrates their commitment to the Class and to representing the interests of the Class").

47. In sum, Ms. Melendez possesses more than 22 years of extensive experience handling employment law matters. She has litigated before the New York State Division of Human Rights, Equal Employment Opportunity Commission, State and Federal Courts. She has completed three jury trials to conclusion in the Eastern District – all regarding Employment Law. Moreover, Ms. Melendez has several

20

published decisions, in the Eastern District of New York including but not limited to EEOC v. First Wireless Group, 225 F.R.D 404 (E.D.N.Y 2004) (Class action national origin discrimination; Gonzalez v. El Acajutla, 2007 WL 869583)(collective action FLSA); Duck v. Port Jefferson S.D., 2008 WL 222590 (E.D.N.Y) (currently litigating age and sex discrimination); Gruberg v. Board of Education Sewanhaka Central H.S., 3. F. Supp. 2d. (E.D.N.Y 1998)(Age discrimination constructive discharge); Gonzalez v. Nicholas Zito Racing Stable, 2008 WL 941643(E.D.N.Y 2008)(FLSA recognized as class action counsel) Berrios v. Nicholas Zito Racing Stable 2012 WL 1034053(application granted on summary judgment for class action); Granados v. Gold Coast Tennis.( Default judgment granted as a sanction on a FLSA collective action and prevailing wage claim); Uto v. Job Site Services, 269 F.R.D 209(E.D.N.Y 2010)(sanctions imposed for failure to comply with Court Order on FLSA collective action.)

48. Plaintiffs' counsel respectfully requests an award of seventy seven thousand one hundred and forty dollars ($77, 140.) for attorney fees. (See Exhibit "C" legal time sheets for Delvis Melendez).

49. To date, two thousand three hundred and thirty-two dollars and twenty-four cents ($2,332.24) have been expended in costs. Four hundred ($400.00) for the filing of a summons and complaint, three hundred ($300.00) for process of services, and three hundred ($1633.24) dollars for depositions and transcripts for a total of $2,332.24. (See Exhibit "D").

50. Plaintiffs' counsel respectfully requests an award of seventy-nine thousand four hundred seventy three dollars and twenty four cents ($79,473.24) in attorney's fees and costs.

**WHEREFORE**, Plaintiffs respectfully requests that a default judgment be entered in favor of Plaintiffs and against Defendants GC DEALER SERVICES INC., in the amount of one hundred sixty six thousand three hundred and sixty seven and twenty four cents ($166,367.24.)

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief, that the amount claimed is justly due and owing to Plaintiffs and that no part thereof has been paid.

Dated: Brentwood, New York
      September 20, 2021

                                      LAW OFFICE OF DELVIS MELENDEZ, P.C.
                                      *Attorneys for Plaintiffs*

                                      <u>Delvis Melendez</u>
                                      s/s Delvis Melendez
                                      90 Bradley St.
                                      Brentwood, NY 11717
                                      Tel. (631) 434-1443