UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
JOEL ALVARADO,
On behalf of himself and others similarly situated

                                  Plaintiff,

          -against-

GC DEALER SERVICES, INC.,

                                 Defendant.
---------------------------------------------------------------------X

For Online Publication Only

**ORDER**
18-CV-02915 (JMA)(JMW)

FILED
CLERK
April 27, 2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is the motion of Plaintiff Joel Alvarado ("Plaintiff") for default judgment against Defendant GC Dealer Services Inc., (ECF No. 83.) For the reasons stated herein, Plaintiffs' motion is GRANTED.

## I.  DISCUSSION

### A.  Defendant Defaulted

Plaintiffs Joel Alvarado on his own behalf and on behalf of others similarly situated, commenced this wage and hour action on May 16, 2018 asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. and the New York Labor Law ("NYLL").

Defendants filed an answer on July 18, 2018 and an amended answer on July 24, 2018. (ECF No. 8, 10.) They appeared at status conferences and engaged in discovery. Fabio Chagon, Emiliano Flores, and Heriberto Ramirez Ortiz all joined the Collective Action by filing consent to Joinder forms.  (ECF Nos. 19, 31, 36.)  On or about March 2, 2021, Defendants' attorney moved to withdraw as counsel for the defendants. (ECF No. 69.)  On March 30, 2021 Defendants' counsel's motion to withdraw was granted.  (ECF No. 71.)  On June 16, 2021, Magistrate Judge James M. Wicks directed Defendant GC Dealer Services Inc. to retain new counsel no later than July 14, 2021 as a corporate entity is not permitted to appear pro se. (ECF No. 74.) By letter dated

July 14, 2021, Defendant Jennifer Ayala informed the Court that she and Defendant Jacques Beckerman had been unable to retain counsel for the corporate entity GC Dealer Services Inc. and had retained counsel to file bankruptcy. (ECF No. 76.) On July 27, 2021, Plaintiffs moved to stay the matter until Defendant Jennifer Ayala's bankruptcy petition was resolved. (ECF No. 77.)  The Court denied the motion with leave to renew. (Electronic Order 07/29/2021.) On September 15, 2021, Plaintiffs requested a certificate of default which was entered by the clerk of the court on September 17, 2021. (ECF No. 80,81.) Thereafter, Plaintiffs filed this instant motion for default judgement. (ECF No. 83.)

## B.  Liability

When a defendant defaults, the Court is required to accept all facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).  However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id.  Here, those requirements are met.

The Court finds that the well-pleaded allegations in the Complaint meet the jurisdictional prerequisites of the relevant FLSA and NYLL provisions.  See 29 U.S.C. §§ 206(a), 207(a)(1); NYLL §§ 2, 190 to 199-A; see Guerrero v. Danny's Furniture Inc., No. 19-CV-7284, 2021 WL 4155124, at *2 (S.D.N.Y. Sept. 13, 2021)(internal citations omitted).

The Court further finds that the Complaint's allegations constitute violations of the minimum wage and overtime provisions of the FLSA, see 29 U.S.C. §§ 206(a), 207(a)(1), 255(a), and of the minimum wage, overtime, wage notice, and wage statement provisions of the NYLL, see NYLL §§ 190 to 199-A, 650, 652(1), 663, 195(1), 195(3).  See Guerrero v. Danny's Furniture Inc., No. 19-CV-7284, 2021 WL 4155124, at *2 (S.D.N.Y. Sept. 13, 2021)

C. **Damages**

The statute of limitations under FLSA is two years. It may be extended to three years upon a finding that the employer's violations were willful.  29 U.S.C. § 255(a).  The applicable limitations period for NYLL claims is six years.  NYLL § 663(3).  Here, the claims are not barred as each Plaintiff commenced employment in 2016.  See Guerrero, at *2 (S.D.N.Y. Sept. 13, 2021).

A plaintiff may not receive a "double recovery" of back wages under both the FLSA and [the] NYLL.  Guerrero, at *3 (S.D.N.Y. Sept. 13, 2021) ("Where Plaintiff brings claims under both statutes, she may not receive a double recovery of back wages under both the FLSA and [the] NYLL.") "[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."  Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found.  Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)).  The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).  The Court finds that plaintiff's submissions of damages, establish damages to a reasonable certainty.  (ECF Nos. 83-4, 83-5.)

Defendants failed to defend against this action.  Plaintiff's counsel has submitted a sworn statement by Plaintiffs with best estimates of the days of the week and hours worked.  The Court accepts these as best estimates.[1]

---

[1] The Court notes that Plaintiff Heriberto Ramirez Ortiz is named as a party, but there is not an alleged damage amount provided for Mr. Ortiz in Plaintiff's motion (ECF No. 83  6-7). Another individual, "Rigoberto Perez" is alleged to have suffered damages, but is not a party to this action. Accordingly, the Court declines to award Perez any damages.  However, Plaintiff may submit additional evidence of damages for Mr. Ortiz to the Court no later than fourteen (14) days from the date of this Order.

## C. **Attorney's Fees & Costs**

Plaintiff seeks an award of seventy-nine thousand four hundred seventy-three dollars and twenty-four cents ($79,473.24) in attorney's fees and costs for 220.40 hours of legal time on this matter at the rate of $350.00 per hour.  (ECF No. 83 at 7-9).

As a prevailing party, plaintiffs are entitled to attorney's fees and costs under both statutes.  See 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198, 663(1).  District courts have "considerable discretion in determining what constitutes reasonable attorney's fees in a given case." Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 151 (2d Cir. 2008).  When exercising their discretion to determine the reasonableness of attorney's fees, courts in this circuit use the "presumptively reasonable fee" standard.  Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 183, 190 (2d Cir. 2008).  The presumptively reasonable fee, also known as the lodestar, is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011).  In addition, an application for attorney's fees must be supported "by accurate, detailed, and contemporaneous time records." Labarbera v. ASTC Labs., Inc., 752 F. Supp. 2d 263, 277 (E.D.N.Y. 2010).  The "critical inquiry" to determine the reasonableness of the hours spent on the litigation is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992)).  The court may exclude those hours that it finds excessive, redundant, or otherwise unnecessary.  See Gordon v. Site 16/17 Dev., LLC, No. 11 CV 427, 2011 WL 3251520, at *6 (S.D.N.Y. July 28, 2011).

Here, Plaintiff seeks compensation for 220.40 hours, an amount of hours this Court finds excessive.  See, e.g., Ye Hong v. 7 Express Rest. Corp., No. 17 CV 2174, 2019 WL 2261091, at *8 (E.D.N.Y. Mar. 14, 2019) (finding 94.37 hours to be excessive in an FLSA default involving six

plaintiffs and six defendants, and reducing non-duplicative hours by one-third), report and recommendation adopted as modified, 2019 WL 1429584 (E.D.N.Y. Mar. 29, 2019); Maldonado v. La Nueva Rampa, Inc., No. 10 CIV. 8195, 2012 WL 1669341, at *14 (S.D.N.Y. May 14, 2012) (finding fifty-five hours to be "the high-end" of what is reasonable in an FLSA default). In such cases, the court may order an across-the-board percentage reduction in compensable hours.  See Cho v. Koam Med. Servs. P.C., 524 F. Supp. 2d 202, 210 (E.D.N.Y. 2007)( "In dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed, 'as a practical means of trimming fat from a fee application.') Here, the Court finds a 30% reduction of the total requested fee award to be appropriate. Based on this determination, the lodestar amount of fees to which plaintiffs are entitled is $55,561.24.

## II.  CONCLUSION

For the reasons set forth above, the Court concludes that Plaintiffs are entitled to relief on their claims for back wages and for wage notice and wage statement violations. The Clerk of Court is directed to prepare a judgment reflecting the Court's holding and setting forth Plaintiffs' damages as follows: $11,910.00 as to Emiliano Flores, $10,750.00 as to Plaintiff Fabio Chagon, and $45,012.00 as to Plaintiff Joel Alvarado inclusive of compensatory damages, liquidated damages, and statutory violations.  Plaintiffs are awarded $55,561.24 in attorney's fees and costs. The Clerk is directed to close the case.


**SO ORDERED.**

Dated:  April 27, 2022
Central Islip, New York


_____/s/____(JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

5